**SO ORDERED.**

**SIGNED this 09 day of May, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

JASON LYNN YOUNG,                    CASE NO. 11-06914-8-JRL
                                     CHAPTER 7
    DEBTOR.

### ORDER

This matter came before the court on Linda Fisher's objection to the debtor's claim of exemptions. Ms. Fisher is the executrix of the estate for Michelle Marie Fisher Young ("Michelle"), the debtor's deceased wife. The debtor claims an exemption in two 401(k) retirement accounts that belonged to Michelle. A hearing was held on May 1, 2012 in Raleigh, North Carolina.

In December 2008, the Wake County Superior Court entered a civil judgment finding that the debtor was the slayer of Michelle. The debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on August 9, 2011. The debtor's 341 meeting with creditors was scheduled for October 11, 2011. This meeting was conducted by interrogatories on October 31, 2011. At the hearing, debtor's counsel stated that Ms. Fisher told the debtor about one of the retirement accounts at a Rule 2004 examination on November 16, 2011. On November 21,

2011, the debtor amended his schedules to include this account. On November 23, 2011, the trustee filed an objection to the debtor's claim of exemption in the account. In December 2011, the debtor learned of the second retirement account. Ms. Fisher filed a motion to adopt the trustee's objection to exemptions on February 22, 2012. The trustee later withdrew his objection on March 15, 2012.

On March 5, 2012, the debtor was sentenced to life imprisonment without parole after a jury found him guilty of murdering Michelle in the first degree.

## DISCUSSION

Ms. Fisher contends that the debtor cannot claim an exemption in the accounts since the debtor does not own the accounts due to his slayer status. Section 31A-4 of the North Carolina General Statutes, deems a slayer to have predeceased his or her victim for purposes of excluding the slayer from the victim's estate. N.C. GEN. STAT. § 31A-4. "In North Carolina, a slayer may be barred from receiving a monetary benefit from the killing of another person[.]" Atwater v. Nortel Networks, Inc., 388 F. Supp. 2d. 610, 615 (M.D.N.C. 2005). The slayer statute codifies the common law principle that "[n]o person should be permitted to profit from his own wrong." Prudential Ins. Co. v. Tull, 690 F.2d 848, 849 (4th Cir. 1982).

Pursuant to N.C. Gen. Stat. § 31A-3(3),

"Slayer" means any of the following:

    a. A person who, by a court of competent jurisdiction, is convicted as a principal or accessory before the fact of the willful and unlawful killing of another person.

    b. A person who has entered a plea of guilty in open court as a principal or accessory before the fact of the willful and unlawful killing of another person.

    c. A person who, upon indictment or information as a principal or

>    accessory before the fact of the willful and unlawful killing of another person, has
>    tendered a plea of nolo contendere which was accepted by the court and judgment
>    entered thereon.
>
>    d. A person who is found by a preponderance of the evidence in a civil
>    action brought within two years after the death of the decedent to have willfully
>    and unlawfully killed the decedent or procured the killing of the decedent. If a
>    criminal proceeding is brought against the person to establish the person's guilt as
>    a principal or accessory before the fact of the willful and unlawful killing of the
>    decedent within two years after the death of the decedent, the civil action may be
>    brought within 90 days after a final determination is made by a court of
>    competent jurisdiction in that criminal proceeding or within the original two years
>    after the death of the decedent, whichever is later. The burden of proof in the civil
>    action is on the party seeking to establish that the killing was willful and unlawful
>    for the purposes of this Article.
>
>    e. A juvenile who is adjudicated delinquent by reason of committing an
>    act that, if committed by an adult, would make the adult a principal or accessory
>    before the fact of the willful and unlawful killing of another person.

N.C. GEN. STAT. § 31A-3(3).  Ms. Fisher argues that the debtor qualifies as a slayer under both subsections (a) and (d).  Based on the undisputed civil and criminal judgments, the court finds that the debtor is a slayer as defined under N.C. Gen. Stat. § 31A-3(3)(a).

The debtor argues that, as a procedural matter, both the trustee and Ms. Fisher's objections are untimely.  Pursuant to Federal Rule of Bankruptcy Procedure 4003(b)(1), "a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later."  FED. R. BANKR. P. 4003(b)(1). The debtor contends that the deadline to object to the debtor's exemptions was thirty days after October 11, 2011, the first scheduled meeting of creditors.  Furthermore, the debtor argues that Ms. Fisher withheld information about the accounts from the debtor.  Ms. Fisher contends that the trustee, a party in interest, timely filed an objection to the account exemption two days after

3

the debtor amended his schedules and thus her adoption of his objection was timely. The court finds that there was a timely objection to the debtor's claim of exemptions within thirty days of the debtor's amendment to his schedules.

Based on the foregoing, Ms. Fisher's objection to the debtor's claim of exemptions is **SUSTAINED**.

**END OF DOCUMENT**